IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| **LESLIE B. LAMPTON** | **PLAINTIFF/COUNTER-DEFENDANT** |
| VS. | CIVIL ACTION NO. 3:09cv324DPJ-JCS |
| **OLIVER DIAZ, JR.** | **DEFENDANT** |
| AND | |
| **JENNIFER DIAZ** | **DEFENDANT/COUNTER-PLAINTIFF/ THIRD-PARTY PLAINTIFF** |
| VS. | |
| **LESLIE LAMPTON, DUNNICA LAMPTON, DARLENE BALLARD, AND JOHN DOES 1-15, IN THEIR PERSONAL AND INDIVIDUAL CAPACITIES** | **THIRD-PARTY DEFENDANTS** |

**Third Party Defendant Darlene Ballard's Memorandum in Support of her Motion to Require Specific Reply to Immunity Defenses and to Stay Discovery**

Third Party Defendant Darlene Ballard, by and through the undersigned counsel from the Office of the Attorney General, respectfully files this memorandum in support of her Motion to Require Specific Reply to Immunity Defenses and to Stay Discovery.

**Procedural Facts**

This matter originated as a complaint for declaratory judgment filed in the Circuit Court of Madison County by Plaintiff Leslie Lampton. *See* Complaint, January 30, 2009, Exhibit A. According to the complaint, counsel for Jennifer and Oliver Diaz wrote to Leslie Lampton threatening to sue Lampton based upon alleged actions Lampton undertook as a Commissioner with the Mississippi Commission on Judicial Performance. Leslie Lampton's complaint seeks a declaratory judgment that, pursuant to federal and state law, he is immune from suit by the Diazes related to Lampton's duties and actions as a Commissioner.

Jennifer Diaz filed an answer to Leslie Lampton's complaint in which she included a counterclaim asserting that Leslie Lampton's actions as a Commissioner violated federal and state law, including claims regarding 42 U.S.C. § 1983, 42 U.S.C. § 1985, 26 U.S.C. § 6103, and 26 U.S.C. § 7213. *See* J. Diaz Answer at pages 4-7, Exhibit B. In that same pleading, Jennifer Diaz asserted third party claims against Dunnica Lampton, Leslie Lampton, Darlene Ballard, and John Does 1-15 "in their personal and [] individual capacities." *See id.* at pages 7-11.

Darlene Ballard is a staff attorney with the Mississippi Commission on Judicial Performance and was assigned by the Commission to prosecute a judicial misconduct complaint against Oliver Diaz. *See* Ballard Answer, Affirmative Defenses Two and Five, Exhibit C. Jennifer Diaz's Third Party Claim against Ballard begins with an unnumbered paragraph on page eight of Diaz's answer. *See* Exhibit B. The Third Party Claim against Ballard contains only conclusory factual and legal statements while asserting that Ballard violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, 26 U.S.C. § 6103, 26 U.S.C. § 7213, and other unspecified federal and state laws. Jennifer Diaz has sued Ballard in her individual capacity and seeks a monetary judgment against Ballard.

This matter was removed to federal court by Dunnica Lampton. Darlene Ballard has now filed with this Court her answer and affirmative defenses in which she raises her defenses of absolute and/or qualified immunity, including but not limited to judicial, quasi-judicial, and/or prosecutorial immunity, to all of the Third Party Plaintiff's claims. *See* Ballard Answer, Affirmative Defense Two, Exhibit C. Ballard has further raised her state common law immunity, statutory sovereign immunity, immunity under the Mississippi Tort Claims Act, and absolute immunity under state law, including but not limited to the immunity set forth in Miss. Code Ann.

§ 9-19-29.  *See* Ballard Answer, Affirmative Defense Five, Exhibit C.

## Argument

I.   **Ballard is Entitled to a Specific Reply to Her Immunity Defenses Pursuant Rule 7(a) and the Fifth Circuit's Directives in *Schultea v. Wood*.**

Ballard, as a staff attorney who prosecutes judicial misconduct complaints before the Commission on Judicial Performance, has properly invoked her affirmative defense that she is cloaked with absolute and/or qualified immunity.  Absolute and qualified immunities include both immunity from damages and, importantly, immunity from suit.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 816-818 (1982).  Accordingly, the Fifth Circuit has instructed that

> [w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply.

*Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  "Face with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under Federal Rule of Civil Procedure 7(a) to qualified immunity defenses."  *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).  In this respect, Jennifer Diaz's Third Party Claim against Ballard does not contain even the minimal level of detail necessary to qualify as "sparse."  The Third Party Claim against Ballard is comprised solely of conclusory claims of "conspiracies" devoid of precise and specific factual allegations of any specific action alleged to have been taken by Ballard.  When viewed in light of Ballard's immunity defenses, Jennifer Diaz's conclusory allegations fall squarely within the holding and rationale of *Schultea*.

"Vindicating the immunity doctrine will ordinarily require such a [Rule 7] reply, and a

district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434. The specific reply required by *Schultea* must allege with "particularity" those specific facts which, if true, would overcome the defendant's immunity defense. *Reyes*, 168 F.3d at 161; *see Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (applying *Schutea* and finding district court erred in not requiring pleading of specific "facts indicating that no reasonable police officer would have" acted in manner alleged and facts supporting allegation that officer knew evidence was defective); *see also Hudson v. Leake County School Dist.*, 2009 WL 1111181, * 2 (S.D.Miss. April 21, 2009) (citing *Schultea* and directing that "plaintiff must support her § 1983 claim with specific facts demonstrating a deprivation of constitutional rights and may not rely on conclusory allegations").

In addition to the requirement that the allegations be made with particularity, when a government official pleads the affirmative defense of immunity in his answer, *Schultea* "requires that a plaintiff allege with particularity those facts necessary to <u>overcome</u>" the immunity defense. *Jordan v. Wright,* 2008 WL 4279576, * 3 (S.D.Miss. Sept. 12, 2008) (emphasis supplied) (quoting *Meekins v. Thompson*, 2001 WL 422831, *2 (5th Cir. April 4, 2001)). The allegations currently in the Third Party Claim are not remotely sufficient to overcome Ballard's absolute and qualified immunity defenses, and it is doubtful that Jennifer Diaz could allege such sufficient facts under the constraints of Rule 11.

**II.     Discovery Should be Stayed Until Jennifer Diaz Files a Specific Reply with Facts Sufficient to Overcome Ballard's Absolute and Qualified Immunities.**

In *Harlow v. Fitzgerald,* 457 U.S. 800 (1982), the United States Supreme Court examined the substantial costs of subjecting government officials to defending damage claims. Consistent

with its desire to shield public officials from the diversion of their energies through the forced defense of challenges to actions taken in their governmental capacities, the Court held that until resolution of the threshold question of the application of an immunity defense, "discovery should not be allowed." *Harlow,* 457 U.S. at 818.  As this Court has previous found,

> One of the primary purposes of the immunity doctrine is to permit officials to carry on with their governmental duties in the wake of litigation. *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir.1987). A defendant entitled to claim qualified immunity is shielded not only from liability but also from "the costs of trial [and] ... the burdens of broad-reaching discovery." *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "*Harlow* emphasizes that even such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarity disruptive of effective government.' ... Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 2815-16, 86L .Ed.2d 411 (1985). Even limited discovery on the issue of qualified immunity "must not proceed until the district court <u>first</u> finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir.1996), quoting *Mississippi State Employment Serv.*, 41 F.3d 991, 994 & n. 10 (5th Cir.1995) (emphasis in original).
>
> Unless the plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts, discovery may be prevented at the initial stages of litigation. *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

*Culpepper v. Williams*  2006 WL 1892018, *1 (S.D.Miss. July 10, 2006)

"Qualified immunity's limits upon access to the discovery process create a new and large role for the Rule 7(a) reply." *Schultea*, 47 F.3d at 1432.  "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Id.* at 1434.  "[T]he district court in its discretion may require the plaintiff to

5

submit a Rule 7 reply in response to an immunity defense before embarking on potentially costly discovery and litigation. By requiring a Rule 7(a) reply, the district court can be assured that plaintiff has adequately alleged facts in support of claims sufficient to pass the pleading stage." *Truvia v. Julien*, 2006 WL 1675116, *2 (5th Cir. June 12, 2006). "Even limited discovery on the issue of qualified immunity 'must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Burge v. Stalder* 2002 WL 31845179, *4 n.5 (5th Cir. Dec. 4, 2002) (quoting *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir.1996)); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir.1986) ("[T]he issue of qualified immunity is a threshold question, and '[u]ntil this threshold immunity question is resolved, discovery should not be allowed.' ") (quoting *Harlow*, 457 U.S. at 817, 102 S.Ct. at 2738 (1982)).

**WHEREFORE, PREMISES CONSIDERED,** Third Party Defendant Darlene Ballard respectfully requests that this Court enter an Order requiring Third Party Plaintiff Jennifer Diaz to file a specific and particular reply to all of the affirmative immunity defenses asserted by Ballard. Ballard further requests that this Court enter an Order staying discovery until Jennifer Diaz files a specific reply with facts sufficient to overcome Ballard's absolute and qualified immunities.

Respectfully submitted, this the 10th day of June, 2009.

                                      DARLENE BALLARD,
                                      Third Party Defendant

                          By:   JIM HOOD, ATTORNEY GENERAL
                                STATE OF MISSISSIPPI

   s/ Harold E. Pizzetta, III
HAROLD E. PIZZETTA, III, MSBN. 99867
SPECIAL ASSISTANT ATTORNEYS GENERAL
CIVIL LITIGATION DIVISION

*Counsel for the Third Party Defendant
Darlene Ballard*

Civil Litigation Division
Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3680

**CERTIFICATE OF SERVICE**

_____ This is to certify that I, Harold E. Pizzetta, III, a Special Assistant Attorney General for the State of Mississippi, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of the foregoing to the following:

Dennis L. Horn, Esq.
Shirley Payne, Esq.
HORN & PAYNE PLLC
Post Office Box 2754
Madison, Mississippi 39130-2754

Chuck McRae, Esq.
Post Office Box 565
Ridgeland, Mississippi 39158

J. Kevin Watson, Esq.
Post Office Box 23546
Jackson, Mississippi 39225

This 10th day of June, 2009.

                                                  s/ Harold E. Pizzetta, III
                                                  HAROLD E. PIZZETTA, III