IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


LESLIE B. LAMPTON                                                        PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:09cv324-DPJ-JCS

OLIVER E. DIAZ, JR. and
JENNIFER DIAZ                                                          DEFENDANTS

VS.

LESLIE LAMPTON, DUNNICA
LAMPTON, DARLENE BALLARD,
and JOHN DOES 1-15, in their
personal and individual capacities            THIRD-PARTY-DEFENDANTS


**ORDER**

This cause is before the court on the motion of Third-party Defendant

Dunnica Lampton (herein "Lampton") to seal the file.  On June 4, 2009, this court

entered an order granting a *ore tenus* motion by Lampton for leave to file under

seal an exhibit to the notice of removal.  The order provided that the sealing

would remain in effect until the court could rule on a formal motion to seal the

exhibit.  The court directed Lampton to file such a motion and granted leave for

the motion and any supporting memorandum to be filed under seal.  The order

also provided that other parties could join in the motion to seal or respond to it

within five days of the filing of the motion.  In response to the order, Lampton filed

a motion to seal not only the exhibit, but the entire court file in this case.

The basis of the motion to seal is that this case concerns proceedings of

the Mississippi Commission on Judicial Performance (the "Commission"), which

are privileged under state law.  Lampton also argues that federal tax returns are involved and that these should remain confidential.

The court has examined Exhibit A to the notice of removal, as well as the other portions of the court file, and concludes that Lampton has failed to establish that his interest in non-disclosure is sufficient to overcome the strong presumption of public access to court files.  *See Securities and Exchange Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).  Furthermore, nowhere in any of these documents are there any records of proceedings before the Commission nor any copies of federal tax returns.  Finally, the court notes that Third-party Defendant Darlene Ballard, a Commission attorney who is represented by the State Attorney General's office, has made no request for sealing of any portion of the file.

Accordingly, the motion to seal is hereby denied.  The Clerk is directed to unseal Exhibit A to the notice of removal as well as all other portions of the file.  Should any party desire henceforth to file any document under seal, he or she may file a motion to do so in accordance with the Local Rules.

So ordered, this the 22nd day of June, 2009.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE