IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LESLIE B. LAMPTON                              PLAINTIFF/COUNTER-DEFENDANT

VS.                                            CIVIL ACTION NO. 3:09cv324-DPJ-JCS

OLIVER E. DIAZ, JR.                            DEFENDANTS/COUNTER-PLAINTIFFS/
AND JENNIFER DIAZ                              THIRD-PARTY PLAINTIFFS

VS.

LESLIE LAMPTON, DUNNICA
LAMPTON, DARLENE BALLARD,
AND JOHN DOES 1-15, IN THEIR
PERSONAL AND INDIVIDUAL
CAPACITIES                                     THIRD-PARTY DEFENDANTS

MEMORANDUM IN SUPPORT OF SEPARATE MOTION OF
DUNNICA LAMPTON, THIRD-PARTY DEFENDANT, TO DISMISS
THIRD-PARTY CLAIM OF OLIVER E. DIAZ, JR., FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

All of Oliver E. Diaz, Jr.'s claims pled in his Third-Party Claim against Dunnica

Lampton are barred by Lampton's absolute, prosecutorial immunity.  Oliver E. Diaz, Jr., pleads

the following:

I. and II.  Abuse of Process and Malicious Prosecution by allegedly initiating and

pursuing a judicial performance complaint against Oliver E. Diaz, Jr.;

III.  Depravation of Rights under 42 U.S.C. § 1983 for Third-Party Defendant Lampton's

allegedly divulging to Darlene Ballard, Prosecutor for the Commission on Judicial Performance,

confidential financial information gained by Lampton as United States Attorney in violation of

18 U.S.C. § 1905, 26 U.S.C. § 6103 and 26 U.S.C. § 7213;

-1-

VI.  Conspiracy to Interfere with Civil Rights wherein Dunnica Lampton allegedly conspired with Defendant, Leslie B. Lampton (member of the Judicial Performance Commission) and Darlene Ballard (prosecutor for the Judicial Performance Commission) to deprive Oliver E. Diaz, Jr., of equal protection of the laws by and through alleged illegal disclosure of confidential financial information;

VII.  Emotional Distress caused by activities allegedly outrageous, extreme, malicious and intentional; and

VIII.  Invasion of Privacy by allegedly illegally leaking and providing to third parties Oliver E. Diaz, Jr.'s confidential financial information.

Dunnica Ott Lampton as sued in the Third-Party Claim of Oliver E. Diaz, Jr., is entitled to absolute prosecutorial immunity.  As the United States Court of Appeals for the Fifth Circuit stated in *Quinn v. Roach,* _____ F.2d _____, 2009 (U.S. App. LEXIS 9517) (5th Cir. May 4, 2009):

> [HN20]  Prosecutors are absolutely immune from *§ 1983* suits in their individual capacities for actions that are within the scope of their professional duties. *Brooks v. George County, Miss., 84 F.3d 157, 168 (5th Cir. 1996)* (citing *Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).* Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984)*; *Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980).* The decision to file or not file criminal charges is protected by prosecutorial immunity. *Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990).* In this case, Quinn is suing the District Attorney Defendants for waiting fifteen months after he was arrested to seek an indictment.  The alleged wrongful act concerns the decision of when and whether to file criminal charges, which [*33] clearly falls within the scope of the District Attorney Defendants' prosecutorial duties.  See *Oliver, 904 F.2d at 281*; *McGruder, 733 F.2d at 1148*; *Cook, 616 F.2d at 793*.  Quinn's contention that prosecutors are only entitled to prosecutorial immunity when they are engaged in advocacy before a court has been clearly rejected by the Supreme Court. See *Van De Kamp v. Goldstein, 129 S.Ct. 855,*

*861-65, 172 L.Ed.2d 706 (2009)* (holding that prosecutorial immunity applied to acts related to establishment of office administrative procedures regarding how and when to make impeachment information available at a trial); *Imbler, 424 U.S. at 431 n. 33* ([HN21] "We recognize that the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom.").

The baseless Third-Party Claim of Oliver E. Diaz, Jr., against Dunnica Lampton must be dismissed.

Respectfully submitted,

/s/ Dennis L. Horn
Dennis L. Horn (MSB #2645)
Attorney for Third-Party Defendant,
Dunnica Lampton

Dennis L. Horn (MSB #2645)
Shirley Payne (MSB #4071)
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130-2754
telephone:  601-853-6090
fax:  601-853-2878
hpattys@aol.com

## CERTIFICATE OF SERVICE

I, Dennis L. Horn, hereby certify that I have this date mailed, by United States Mail, postage prepaid, a true and correct copy of the above and foregoing *Memorandum in Support of Separate Motion of Dunnica Lampton, Third-Party Defendant, to Dismiss Third-Party Claim of Oliver E. Diaz, Jr., for Failure to State a Claim upon which Relief May Be Granted* to the following:

Hon. Chuck McRae
P. O. Box 565
Ridgeland, MS 39158

Hon. J. Kevin Watson
P. O. Box 23546
Jackson, MS 39225

Hon. Harold Edward Pizzetta III
P. O. Box 220
Jackson, MS 39205-0220

This the 9th day of September, 2009.

/s/ Dennis L. Horn
Dennis L. Horn

-4-