IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| LESLIE B. LAMPTON | PLAINTIFF |
| v. | No. 3:09-cv-00324-DPJ-JCS |
| OLIVER E. DIAZ, JR. and<br>JENNIFER DIAZ | DEFENDANTS |
| v. | |
| LESLIE LAMPTON, DUNNICA<br>LAMPTON, DARLENE BALLARD,<br>and JOHN DOES 1-15, *in their<br>personal and individual capacities* | THIRD PARTY DEFENDANTS |

### JENNIFER DIAZ'S MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CONTINUANCE (41)

A continuance is proper in this case to allow Jennifer Diaz the opportunity to conduct discovery in order to rebut the *Motion for Summary Judgment* filed by Ms. Ballard, and the affidavit of Ms. Ballard attached to that document [d.e. 34]. This case has been stayed since July 29, 2009, or roughly two months since its inception, after the Court held discovery in abeyance in order to review the alleged immunity issues [d.e. 30]. Accordingly, no discovery has been conducted in any way.

FRCP 56(f) provides that when "[i]f a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." This is the relief sought by Ms. Diaz in this case, and supported by the undersigned's affidavit attached to the primary *Motion*.

"Where the party opposing the summary judgment informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful, a continuance of a

motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (internal quotations and citations omitted).

As the Supreme Court has held, "[a]ny potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (rule provides "that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition").

The "party seeking additional discovery must first demonstrate how that discovery will create a genuine issue of material fact." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009).

Critically, the standard regarding most types of immunity are deeply rooted in the facts, and meet the *Six Flags* standard. Ms. Ballard has claimed prosecutorial immunity, judicial immunity, and qualified immunity. As to the former, "[j]udges are entitled to absolute immunity in the exercise of their judicial function *unless they act in the clear absence of jurisdiction*." *Boston v. Lafayette County, Miss.*, 744 F.Supp. 746, 750 (N.D.Miss. 1990) (*affirmed by* 933 F.2d 1003 (5th Cir. 1991)) (emphasis added). "An act is non-judicial if it is *not normally performed by a judicial officer* or if it is performed *outside the judge's official capacity*." *Id.* (emphases added).

Accordingly, the inquiry into immunity must be a factual one into three issues: first, whether Ms. Ballard had jurisdiction over Ms. Diaz. It is uncontested that Ms. Diaz was not a judge and that the Commission only has jurisdictions over judges.

Second, whether Ms. Ballard was "normally performing" her duties is a fact-intensive question, as is the third issue, whether she was acting outside her official capacity.

Further, the absolute immunity afforded to prosecutors against suit under 42 U.S.C. § 1983 is not a *limitless* immunity. The seminal case on this issue is *Imbler v. Pachtman*, 424 U.S. 409 (1976). In that case, the Supreme Court dismissed a former inmate plaintiff's suit against his prosecutor upon observing the existence of "the same absolute immunity under § 1983 that the prosecutor enjoys at common law." *Imbler*, 424 U.S. at 427.

However, the Court explicitly noted that the protection thereby afforded is not without boundaries. *Id.* at 430. Specifically, the *Imbler* Court limited its holding to instances in which a prosecutor's activities are an "integral part of the judicial process" and left unaddressed "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer, rather than that of advocate." *Id.* at 430-31. For example, absolute immunity does not protect a prosecutor who advises officials outside his office, *Burns v. Reed*, 500 U.S. 478, 496 (1991), nor when he steps outside his role as prosecutor to initiate, rather than to pursue as an advocate, a criminal prosecution. *Kalina v. Fletcher*, 522 U.S. 118, 129-130 (1997).

In other words, a prosecutor's absolute immunity extends only so far as do the boundaries of his role as a prosecutor. Once those boundaries are exceeded, his absolute immunity is extinguished. This is a fact-intensive inquiry that defies the pure legal analysis of a challenge under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Here, Ms. Ballard has raised several further factual issues, in addition to her affidavit, that must be explored through discovery before this Court can adequately evaluate their legal merits. Specifically, Jennifer Diaz seeks to discover information, including but not limited to:

1. Facts regarding the nature and frequency of Darlene Ballard's disclosures of Jennifer Diaz's tax returns or return information;

2. Facts regarding the recipients of Darlene Ballard's disclosures;

3. Facts regarding the nature of the proceedings which led to Darlene Ballard's acquisition of Jennifer Diaz's tax returns or return information;

4. Facts regarding the nature of the proceedings for which Darlene Ballard's acquisition of Jennifer Diaz's tax returns or return information; and

5. Facts regarding the relevance of Jennifer Diaz's tax returns or return information to the proceedings for which Darlene Ballard acquired and disclosed said returns or information.

These are but a handful of the facts that must be explored through discovery before this Court can be expected to determine the existence *vel non* of triable issues.

Accordingly, Jennifer Diaz respectfully requests that this Honorable Court GRANT her *Expedited Motion for Continuance*.

Respectfully submitted, September 22, 2009.

                                                **JENNIFER DIAZ, by her attorney**

                                                /s/ Chuck McRae

                                                CHUCK McRAE, MSB #2804
                                                416 EAST AMITE STREET
                                                JACKSON, MS 39201
                                                601.944.1008 (VOICE)
                                                866.236.7731 (FAX)

## CERTIFICATE OF SERVICE

I, Chuck McRae, do hereby certify that I have this day filed the above and foregoing pleading with the Clerk of this Court using the ECF system, which sent electronic notification of this filing to the following:

Attorney for Oliver E. Diaz, Jr.
David Neil McCarty, Esq.

Attorney for Darlene Ballard
Harold Edward Pizzetta, III, Esq.

Attorney for Dunnica Lampton
J. Kevin Watson, Esq.

Attorney for Leslie Lampton
Dennis L. Horn, Esq.

On September 22, 2009.

/s/ Chuck McRae
_____
CHUCK McRAE, MSB #2804
416 EAST AMITE STREET
JACKSON, MS 39201
601.944.1008 (VOICE)
866.236.7731 (FAX)