**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**LESLIE B. LAMPTON**                                                   **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 3:09cv324-DPJ-MTP**

**OLIVER E. DIAZ, JR. AND**                **DEFENDANTS/THIRD PARTY PLAINTIFFS**
**JENNIFER DIAZ**

**v.**

**LESLIE LAMPTON, DUNNICA LAMPTON,**          **THIRD PARTY DEFENDANTS**
**DARLENE BALLARD, and JOHN DOES 1-15,**
**in their personal and individual capacities**

**ORDER**

This order primarily addresses motions [122] [123] [124] [125] filed by Defendants/Third

Party Plaintiffs Oliver Diaz and Jennifer Diaz[1] (the Diazes) to take the depositions of

Plaintiff/Counter-defendant Leslie Lampton and Third Party Defendant Dunnica Lampton.[2]

Also pending are Leslie Lampton's [111] Motion to Stay Pending Consideration of his Rule

59(e) Motion[3] and Dunnica Lampton's [107] Separate Motion for Stay Pending Appeal.  Some

---

[1]Jennifer Diaz's motions [124] [125] "adopt[] and incorporate[] as her own all factual allegations and legal arguments asserted by third-party plaintiff Oliver E. Diaz, Jr., in his [motions [122] [123]]."

[2]The authority on which they base their requests is Fed. R. Civ. P. 27 (b). Rule 27 is entitled Depositions Before Action or Pending Appeal.  The pending appeal aspect is covered by section (b), which, because of its length, will be quoted in the main body of this order as part of the legal analysis.

[3]The Court denied the motion to reconsider, *see* Order [138], but did not specifically address or dispose of the ancillary request for a stay.  The only significant actions that occurred after Leslie Lampton's stay request are the [122] [123] [124] [125] Rule 27 motions.  In light of the denial of the motion to reconsider, the Court finds that Leslie Lampton's [111] motion is moot.

procedural background is helpful in understanding the issues before the Court.

## BACKGROUND

On May 7, 2010, the Court entered a thorough Order [103] reciting the "long history that pre-dates the subject dispute" between the litigants, and disposing of numerous motions, including Dunnica Lampton's Motion to Dismiss [38], which was denied, and Leslie Lampton's Motion for Summary Judgment [58], which was granted in part and denied in part.[4]  Dunnica Lampton's motion was grounded solely on the doctrine of absolute prosecutorial immunity. Order at 7 n.1.  *See also* Order at 11 n.3.  Leslie Lampton's motion was denied to the extent of "those state law claims based on his filing a declaratory judgment action."  *Id*. at 31.  The stay in the case was lifted and the remaining parties were directed to contact the Court to set an in-person case management conference.

On May 21, 2010, Dunnica Lampton filed a Motion to Stay [107], followed a week later by a Notice of Appeal [113] with respect to the Court's Order [103].  On the same day as the Motion to Stay, Leslie Lampton filed a Motion for Reconsideration [108] of that same order, and later requested a stay [111] pending consideration of his Fed. R. Civ. P. 59(e) motion.  *See* n.3 *supra*.  All these filings were based on the Court's decisions on immunity.  The Court postponed entry of a case management order pending the final disposition of the immunity issues.  *See* Minute Entry of May 28, 2010.

As for the motions currently under consideration, Leslie Lampton responded [129] [131], and Oliver Diaz has replied [133].  Dunnica Lampton requested additional time to respond to the

---

[4]The Court also granted Third Party Defendant Darlene Ballard's Motions for Summary Judgment [34] [69], and all claims against her were dismissed.

current motions [126] "from the date this Court and/or the United States Court of Appeals for the Fifth Circuit rules on his [request for stay pending appeal [107]]."  This Court entered an Order [139] directing responses from Dunnica Lampton to the Rule 27 motions, and they were timely filed [141] [142] [143].[5]

## LEGAL ANALYSIS

### I.

Although the stay was lifted, [103] at 31, with directions to set an in-person case management conference, and there are motions [107] [111] to stay still pending, it is recognized that "the stay of discovery, of necessity, ordinarily must carry over through the *appellate court's* resolution of [the immunity from suit] question, so long as the appeal is non-frivolous.  The rationale for staying discovery applies with no less force while the appeal, to which the officers are entitled, proceeds."  *Hegarty v. Somerset County*, 25 F.3d 17, 18 (1st Cir. 1994) (emphasis in original).  *See also K.M. v. Alabama Department of Youth Services*, 209 F.R.D. 493, 495 (M.D. Ala. 2002), *aff'd*, 73 Fed. Appx. 386 (11th Cir. 2003).  This Court's local rules recognize this

---

[5]Dunnica Lampton's appeal to the United States Court of Appeals for the Fifth Circuit, pursuant to a Notice of Appeal [113], is docketed in that court as case number 10-60437, and appears to have been fully briefed.  Dunnica Lampton's umbrage at the Court's [139] Order Directing Responses to Motions, *see* Memorandum [141], is perplexing.  It appears that there was no motion to stay appeal pending in the Fifth Circuit until October 18, 2010.  *See* Attachment A to [141], which in turn attaches this Court's [139] order.  And while complaining that he was given "a mere seven (7) days" within which to file a response, [141] at 2, he does not account for the 118 days that elapsed between the time he requested an extension to respond [126] and this Court's [139] order.  Not only did Leslie Lampton timely respond to what the Court considers straightforward Rule 27 motions, but the time allotted for Dunnica Lampton must have been sufficient since he responded within "a mere seven (7) days" without seeking additional time, and he was able to file a Motion to Stay Pending Appeal with the Fifth Circuit in that same time frame.

principle.  L. U. Civ. R. 16(b)(3)(B).[6]   Accordingly, the Court postponed entry of a case

management order, including a schedule for discovery, to await the final disposition of the

immunity issues.  Minute Entry of May 28, 2010.[7]  However, here the Diazes seek relief under

Rule 27(b) instead of Rule 26, which by their nature have different purposes.[8]

## II.

The initial thrust of Dunnica Lampton's argument is that "the magistrate judge has no

jurisdiction over this [Rule 27] question," [141] at 2, citing *Wicks v. Mississippi State*

*Employment Service*, 41 F.3d 991 (5th Cir. 1995).  The Court has read *Wicks* closely, and has

two observations. First, it has nothing to do with Rule 27.  Second, and most telling, the decision

points out that "the discovery motion was referred to a magistrate judge who issued an order

staying all discovery except for that related to [Defendant's] defense of qualified immunity.

[Defendant] objected to this limited discovery order and the district court affirmed the magistrate

judge."  41 F.3d at 994.  *See also* discussion *infra*.

---

[6]"Filing an immunity defense . . . motion stays the attorney conference and disclosure requirements and all discovery not related to the issue pending the court's ruling on the motion, *including any appeal*." (Emphasis supplied).  Thus, while it appears that a formal motion to stay is unnecessary, the Court will dispose of the motion [107] Dunnica Lampton filed.

[7]As already mentioned, *supra* at 2, Dunnica Lampton's Notice of Appeal [113] was filed the same day as these proceedings.

[8]Dunnica Lampton's references to "Rule 27 discovery" are a misnomer, and his claim that the Court has effectively denied his motion to stay is hyperbole.  Other than respond to the Rule 27 motions, Leslie Lampton and Dunnica Lampton have been required to do nothing.  A case management order has not been entered, and no discovery has been taken.  The Rule 27 motions filed by the Diazes are in the nature of requests for relief from the discovery stay imposed by our local rules.  Indeed, they presuppose or otherwise assume that stays of discovery are in place as to Leslie Lampton and Dunnica Lampton.  It is important to point out that there are different standards applicable to these two rules that are significant in ruling on the instant motions.

Leslie Lampton joins [144] Dunnica Lampton's response, and offers additional comments and authority as to a magistrate's ability to decide Rule 27 motions.[9]  He makes passing reference to 28 U.S.C. § 636, but ignores Fed. R. Civ. P. 72 and L. U. Civ. R. 72.  By operation of its language, the local rule refers all pretrial motions in civil actions to the magistrate judge, with certain exceptions, none of which apply here.[10]

It is unnecessary to engage in a belabored discussion of jurisdiction.  Leslie Lampton implies that a Rule 27 motion should be handled by a magistrate judge via a report and recommendation (citing cases from Texas and Louisiana).  This makes no practical sense.  Whether ruled upon by order or by report and recommendation, the aggrieved party has the opportunity and time to seek review.  *See* Fed. R. Civ. P. 72 and L. U. Civ. R**.** 72.[11]

The specter of an appeal should not be a deciding factor in who rules on the motion, especially since review of this order is permitted.  And now, with this burden out of the way**,** the Court turns to the substance of the issue before it.

---

[9]Leslie Lampton's hyperbole rivals Dunnica Lampton's: "Given that this question does not appear to be clearly answered by the Fifth Circuit, it is likely that the parties and this litigation will be further burdened by overlapping and simultaneous appeals to both the District Judge and the Fifth Circuit so as to preserve jurisdiction in the appropriate court." [144] at 2.

[10]Leslie Lampton's citation of *In the Matter of Petition of Robert W. Mann*, 2007 WL 3046180 (D. Colo. 2007), is disingenuous for the failure to mention that the local rules of the U.S. District Court of Colorado provide for a specific reference by a district judge to a magistrate judge to "handle petitions to perpetuate testimony pursuant to Fed. R. Civ. P. 27."  *Id*. at *1.  Our local rules do not have such a provision.

[11]The Court does not consider a Rule 27 motion as dispositive in that it does not appear to fall within the exceptions of 28 U. S. C. § 636 or the local rules.  Under the circumstances, it makes no difference.

### III.

Fed. R. Civ. P. 27(b) reads as follows:

> (1) *In General*.  The court where a judgment has been rendered
> may, if an appeal has been taken or may still be taken, permit a party to
> depose witnesses to perpetuate their testimony for use in the event of
> further proceedings in that court.
> (2) *Motion*.  The party who wants to perpetuate testimony may
> move for leave to take the depositions, on the same notice and service as if
> the action were pending in the district court.  The motion must show:
> > (A) the name, address, and expected substance of the
> > testimony of each deponent; and
> >  (B) the reasons for perpetuating the testimony.
> (3) *Court Order*.  If the court finds that perpetuating the testimony
> may prevent a failure or delay of justice, the court may permit the
> depositions to be taken and may issue orders like those authorized by
> Rules 34 and 35. The depositions may be taken and used as any other
> deposition taken in a pending district-court action.[12]

The Diazes provide the names and addresses of the persons to be examined.  The

expected substance of the testimony from Dunnica Lampton is that he

> can testify as to all relevant issues regarding this case, including his
> determination to disclose the confidential financial data of the Diazes to
> the Mississippi Commission on Judicial Performance.  Further, he can
> testify regarding his conspiratorial conduct and actions regarding that
> disclosure.
>
> [He] will also testify about the extent of his financial holdings and his
> ability to satisfy any judgment against him, as well as his professional and
> private relationship with Leslie B. Lampton.

The reasons for perpetuating this testimony are that he

> incurred serious injuries in a vehicle accident on June 27, 2007.  In the
> May 28, 2010 conference . . . Mr. Lampton's counsel represented that Mr.

---

[12]Rule 27 was amended in 2007 "as part of the general restyling of the Civil Rules to
make them more easily understood and to make style and terminology consistent throughout the
rules.  These changes are intended to be stylistic only."  Cmt. to 2007 Amendment, Fed. R. Civ.
P. 27.

> Lampton is in dire physical shape, and he was unable to attend the conference.  Counsel for Mr. Lampton further represented that Mr. Lampton's kidneys were failing and that he was suffering bouts of amnesia.  The need is therefore self-explanatory: Mr. Lampton's physical status is in difficult straits, and if he is already experiencing amnesia, any further delays may result in the loss of relevant and critical information only he possesses.

[122] at 2 (footnote omitted).

As for Leslie Lampton, the expected substance of the testimony is:

> There is one remaining cause of action against Mr. Lampton in this case, for the breach of confidentiality governing Mississippi Commission on Judicial Performance investigations and findings.  Mr. Lampton can testify conclusively as to whether he or his attorneys decided to breach the constitutional and statutory secrecy provisions of the Commission, which are supported by an oath.  Mr. Lampton can also testify regarding the decision-making process that led to the breach when his declaratory judgment action was filed against the Diazes in Madison County Chancery Court.[13]

> Mr. Lampton can also testify regarding the decision-making process which chose filing the declaratory judgment action publicly, rather than under seal, and to what extent the constitutional and statutory secrecy provisions governing the Commission were contemplated prior to the public filing of the suit against the Diazes.

> Mr. Lampton will also testify about the extent of his financial holdings and his ability to satisfy any judgment against him, as well as his professional and private relationship with Dunnica O. Lampton.

The specific need to preserve this testimony is that "Mr. Lampton is of greatly advanced age, and if he falls ill or worse, his testimony is utterly unrecoverable." [123] at 2.[14]

_____

[13]The original Complaint for Declaratory Judgment was actually filed in and removed from the Circuit Court of Madison County [1] [28].

[14]Leslie Lampton does not seriously contend that his age (which is not readily apparent in the motions papers) does not provide grounds for the perpetuation of his testimony due to unavailability.  *See, e. g., Ash v. Cort*, 512 F.2d 909, 913 and accompanying n.15 (3rd Cir. 1975) ("age may be a relevant factor in showing that testimony must be perpetuated to avoid loss;"

*Ash v. Cort* makes the critical point that "[t]he scope of discovery allowed under Rule 27 is much narrower than that available under the general discovery provisions of Rule 26." 512 F.2d at 911 (and n.7). In addition, "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." *Id*. Thus, "Rule 27 is not a substitute for discovery." *Id.* at 912.

The Court is not convinced that the Diazes have satisfied the aspects of Rule 27(b) not associated with availability. It is questionable that the identified testimony will be lost, and that all the information sought is "both material to the matter in controversy and competent as evidence." *Canal Barge Co., Inc. v. Gulfstream Trading, Ltd.*, 1999 WL 1277539, *2 (E.D. La. 1999) (citations omitted). "Rule 27(b) requires 'a real showing of the need for the preservation of the evidence.'" *Id.* (citations omitted). Financial holdings and the ability to satisfy a judgment certainly do not qualify.

Furthermore, "[i]t is well-established in case law that perpetuation means the perpetuation of known testimony." *In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006) (also citing *In re Ford*, 170 F.R.D. 504, 507 (M.D. Ala. 1997), in which Ford sought to discover or uncover testimony, not perpetuate it; "Rule 27 simply does not provide for such discovery"). *Ramirez* and *Ford* specifically deal with pre-suit depositions, but speak in terms applicable to all of Rule 27. It cannot be disputed that the instant case as it relates to Leslie Lampton and Dunnica Lampton is on appeal by virtue of their respective notices [140] [113], and it is

---

grave illness also mentioned). *See also Penn Mutual Life Insurance Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995) ("Advanced age certainly carries an increased risk that the witness will be unavailable by the time of trial;" and cases cited). Dunnica Lampton does not address his health with respect to availability; therefore, the Court accepts the Diazes' assertions as to his physical condition.

significant that the concentration of pending issues before the Fifth Circuit and this Court remains focused on immunity, which triggers a stay of discovery.[15]  What the Diazes seek in the present motions falls in the category of discovery of information of which they are not aware, and which aims at the heart of their claims.  Their "requests are not narrowly-tailored to perpetuate testimony that may be lost but rather are broad Rule 26-type requests . . . To reiterate, Rule 27 may be used only to perpetuate important 'known testimony' that might otherwise be lost."  *Ramirez*, 241 F.R.D. at 597 (citations omitted).  *See also Laurel v. Webb County Juvenile Board*, 1983 WL 486882, *4 (S.D. Tex. 1983) (Plaintiff did not state the substance of the testimony he expected to elicit from each proposed deponent, but "merely stated the proposed area of questioning at the deposition–the Defendants' knowledge of Plaintiff's political activities and the 'true reasons' for their decision not to reappoint him.  Plaintiff does not state what the deponents would say that would bear on those issues").   The Rule 27(b) motions are not well taken and must be denied.

Accordingly, **IT IS ORDERED**:

The Motions to Take Deposition to Perpetuate the Testimony of Dunnica O. Lampton [122] [124] are **DENIED**;

The Motions to Take Deposition to Perpetuate the Testimony of Leslie B. Lampton [123] [125] are **DENIED**;

The Motion of Leslie Lampton [111] to Stay Pending Consideration of his Rule 59(e) motion is **MOOT**;

---

[15]The Court's Order disallowed discovery on the underlying claims prior to a ruling on the motions to dismiss and for summary judgment. [103] at 27-30.  *See also* n.8 *supra*.

The Motion of Dunnica Lampton for Stay Pending Appeal [107] is **GRANTED**, and all proceedings in this matter as to Leslie Lampton and Dunnica Lampton (also taking into account Leslie Lampton's [140] Notice of Appeal)  are **STAYED**, pending further order.

**SO ORDERED** this the 26th day of October, 2010.

s/ Michael T. Parker
United States Magistrate Judge