IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| **LESLIE B. LAMPTON** | **PLAINTIFF** |
| v. | CIVIL ACTION NO. 3:09cv324-CWR-MTP |
| **OLIVER E. DIAZ, JR. and JENNIFER DIAZ** | **DEFENDANTS/THIRD PARTY PLAINTIFFS** |
| v. | |
| **LESLIE LAMPTON, DUNNICA LAMPTON, DARLENE BALLARD, and JOHN DOES 1-15,** in their personal and individual capacities | **THIRD PARTY DEFENDANTS** |

## ORDER

This matter is before the court on the [173] Motion for Extension of Time to File Motion to Substitute, [174] Motion to Substitute Party, and [181] Motion to Strike Pleadings filed by Defendants/Third Party Plaintiffs Oliver E. Diaz, Jr. and Jennifer Diaz. Having considered the submissions of the parties and the applicable law, the court finds that the Motion for Extension [173] should be granted, the Motion to Substitute [174] should be denied without prejudice, and the Motion to Strike [181] should be denied as moot.

As an initial matter, the court notes that all proceedings as to Leslie Lampton and Dunnica O. Lampton were stayed on October 26, 2010, due to the appeals pending before the Fifth Circuit. *See* Order [146]; *see also* Order [171]. The Fifth Circuit has now issued mandates in all of the appeals which were the subject of this court's orders staying this case. *See* Mandates [161] [180]. Accordingly, it appears the stay should be lifted.

In their Motion for Extension of Time [173], the Diazes seek an extension of time to substitute a proper party for the deceased Third-Party Defendant Dunnica O. Lampton, since this

case was stayed and because no successor to Mr. Lampton has been designated.  The Diazes also claim that the notice of death may be deficient because "the attorney for the decedent has no authority to suggest the death of his or her client upon the record," as "the attorney's authority to represent the decedent terminated upon death." *Smith v. Planas*, 151 F.R.D. 547, 549-50 (S.D.N.Y. 1993).  The Diazes also filed a contemporaneous Motion to Substitute [174], "out of an abundance of caution," seeking to substitute either Suzanne Lampton, Dunnica O. Lampton's widow, and/or the Estate of Dunnica O. Lampton.

Counsel for Third-Party Defendant Dunnica O. Lampton opposes the motions, claiming they are untimely and that the Diazes failed to show good cause for an extension.  Lampton's counsel further claims the Diazes failed to name a proper party, since no estate has been created and his widow has not been appointed as executrix or administratrix of the estate.[1]

The [172] Notice of Death of Dunnica O. Lampton was filed of record August 31, 2011. Fed. R. Civ. P. 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The Diazes' Motions [173][174] were filed November 29, 2011.  By the court's calculations, both motions were filed within 90 days of the suggestion of death and are, therefore, timely.

The court finds that the current Motion to Substitute [174] should be denied without prejudice, as it fails to establish a proper party to be substituted.  As the parties point out, no

---

[1] Counsel's arguments that the causes of action do not survive the death of Dunnica O. Lampton should be addressed in a dispositive motion.

estate for Dunnica O. Lampton has been created, and Suzanne Lampton, Mr. Lampton's widow, has not been appointed as executrix or administratrix of Mr. Lampton's estate. *See Ashley v. Ill. Cent. Gulf R.R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983) ("Unless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the 'proper' party for substitution would be either the executor or administrator of the estate of the deceased."). However, the Diazes state in their Reply [183] that they intend to do so. Accordingly, the court finds good cause to grant the Diazes a reasonable extension of time to open the estate and to file an appropriate motion to substitute. *See* Fed. R. Civ. P. 6(b)(1)(A) (court may extend time for good cause when the request is made before the original time or its extension expires). Accordingly,

**IT IS, THEREFORE, ORDERED**:

1. The stay in this case is hereby lifted. A status conference will be scheduled once the proper substitution is made.

2. The [174] Motion to Substitute Party is denied without prejudice.

3. The [173] Motion for Extension of Time to File Motion to Substitute is granted. The Diazes are granted an extension of time until March 1, 2012, to file a motion to substitute the proper party.

4. The [181] Motion to Strike Pleadings is denied as moot.

**SO ORDERED** this the 1st day of February, 2012.

                                                          s/Michael T. Parker
                                                          United States Magistrate Judge