**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**OLIVER DIAZ; JENNIFER DIAZ**                                          **PLAINTIFFS**

**v.**                                                          **Cause No. 3:09-CV-324-CWR-MTP**

**DUNNICA LAMPTON**                                                           **DEFENDANT**

**ORDER**

Pending before the Court are motions to substitute, to dismiss, to stay, to strike, and for an extension of time. Docket Nos. 187, 191, 193, 194, 196. The matters are sufficiently briefed for present purposes.

After considering the circumstances of this case, the Court will first clean up the docket sheet by formally dismissing Leslie Lampton and realigning the parties. It will then grant the plaintiffs' motion to strike, which renders moot three of the pending motions and several response briefs. The motion to substitute will be carried with the case to await additional briefing.

Background facts and proceedings will be discussed below where necessary.

*I.*    *Leslie Lampton*

The original plaintiff in this action, Leslie Lampton, was earlier granted summary judgment on everything but the Diazes' state law privacy and confidentiality claims challenging Lampton's filing of a declaratory judgment action in state court. Docket No. 103, *available at Lampton v. Diaz*, No. 3:09-cv-324, 2010 WL 1873091, at *14 (S.D. Miss. May 7, 2010). On interlocutory appeal, the Fifth Circuit reversed and granted Leslie Lampton judgment on those remaining claims. Docket No. 179, *available at Lampton v. Diaz*, 661 F.3d 897, 901-02 (5th Cir. 2011). As a result, there are no claims remaining against Leslie Lampton. The Clerk of Court will be directed to officially terminate Leslie Lampton as a party.

*II.*    *Realignment of the Parties*

To further simplify matters, the remaining parties will be realigned.

"The court should realign parties who have the same 'ultimate interests' in the outcome of the action." *McKenith v. Century Products Co.*, No. 4:98-cv-4, 1999 WL 33537214, *1 (N.D. Miss. Mar. 31, 1999) (quoting *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir.1984)). "It is the district judge's duty to look beyond the pleadings, and arrange the parties according to their sides

in the dispute." 13E Wright et al., Fed. Practice & Procedure § 3607 (3d ed. updated Apr. 2012) (quotation marks and citation omitted). District courts may realign the parties "in order to manage the case more effectively." *Id.*

This case developed in a haphazard manner through no real fault of any party: a state court declaratory action generated counter-claims and a third-party complaint; the case was removed to federal court; additional counter- and third-party claims were filed; this Court dismissed one but not both of the third-party defendants; and the Fifth Circuit resolved two separate interlocutory appeals.[1] Oliver Diaz, for example, was at one point a "Defendant/Counterclaimant/Third-Party Plaintiff." Docket No. 103.

The parties need not tie themselves in knots by using their former descriptors, since there are now three parties, who can be simplified to "plaintiffs" and "defendant." The cause will be realigned as *Oliver Diaz and Jennifer Diaz, Plaintiffs, versus Dunnica Lampton, Defendant*.

III. *Dunnica Lampton's Death*

With the docket sheet now straightened out, the Court will provide some brief background and then turn to the pending motions.

Earlier in this case, Dunnica Lampton (hereinafter "Lampton"), the former United States Attorney for the Southern District of Mississippi, moved to dismiss the Diazes' claims against him on the basis of absolute prosecutorial immunity. *See* Docket No. 103, at 5-12. Absolute prosecutorial immunity was denied because Lampton's release of the Diazes' tax returns to the Mississippi Commission on Judicial Performance "was not intimately related to the judicial phase of the criminal process, which had already concluded." *Id.* at 10 (emphasis omitted). The Fifth Circuit affirmed. Docket No. 160, *available at Lampton v. Diaz*, 639 F.3d 223 (5th Cir. 2011).

On August 31, 2011, counsel for Lampton filed a "Notice of Death" indicating that his client passed away on August 17, 2011. Docket No. 172. The document was served upon all counsel of record via ECF. *Id.* at 2. The plaintiffs were subsequently granted an extension of time to substitute a defendant in Lampton's place. Docket No. 186.

The plaintiffs now move to substitute the Estate of Dunnica Lampton ("the Estate") as the proper defendant in this case, and have filed the notice of hearing required by Rule 25. Docket Nos.

---

[1] While on appeal, the case was transferred to the undersigned. Docket No. 149.

187-88. Their motion and its attachments show that in February 2012, the plaintiffs opened an estate for Lampton in Hinds County, Mississippi. Docket No. 187. The Estate's Temporary Administrator is Eddie Jean Carr, the Chancery Clerk of Hinds County. *Id.* The Temporary Administrator has waived formal service of the summons, complaint, motion to substitute, and notice of hearing, and received copies of each of those documents. Docket Nos. 187-3; 187-4. The waivers of service set forth certain deadlines for the Estate to have responded to the complaint and the pending motion; those deadlines have now passed without response. Docket Nos. 187-3; 187-4.

Counsel for Lampton opposes the motion to substitute contending, *inter alia*, that the Estate was not opened properly and that the Diazes have not proved that their claims survive Lampton's death. Docket Nos. 189-90. Counsel also has filed his motion to dismiss, for judgment on the pleadings, or for summary judgment, as well as his motion to stay. Docket Nos. 191-93.

The plaintiffs have responded with a motion to strike, arguing that counsel had no right to file additional pleadings or otherwise participate in the case once Lampton died. Docket No. 194. They assert that "[a]n attorney only has authority to act via express or implied contract with an individual. When the individual passes, the authority immediately evaporates." Docket No. 195, at 2. In the alternative, the plaintiffs have filed a motion for more time to respond to counsel's motions and response briefs. Docket No. 196.

The plaintiffs' motion to strike is well-taken and will be granted. "[T]here must be careful distinction between acts of a representative of the estate or of the decedent's heirs that may tend to excuse plaintiff's delay, and action or inaction by counsel for the decedent. The authority of defense counsel . . . to act for [the decedent] was terminated by the death."[2] *Cheramie v. Orgeron*, 434 F.2d 721, 725 (5th Cir. 1970) (citing Restatement (Second) of Agency, 120 (1958)). Without a living client, counsel "has no power to continue or terminate an action on his own initiative." *Fariss v.*

---

[2] Two leading treatises state that some courts have used this reasoning to hold that decedent's counsel cannot file the suggestion of death, reasoning that "the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in the rule." Wright et al. § 1955; *see* 6 Moore's Fed. Practice § 25.13[2][a] & n.17 (3d ed. 2011) (collecting cases). But the Seventh Circuit has found this interpretation "fussy" and unpersuasive. *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008). And the Fifth Circuit has twice accepted without question a suggestion of death filed by the decedent's counsel, although it is not clear if this precise issue was raised or disputed in those cases. *Ray v. Koester*, 85 F. App'x 983, 984 (5th Cir. 2004) (unpublished); *Ransom v. Brennan*, 437 F.2d 513, 515 (5th Cir. 1971). In light of those authorities, counsel for Lampton was likely permitted to file the suggestion of death.

*Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) (collecting cases); *see Bass v. Attardi*, 868 F.2d 45, 50 n.12 (3d Cir. 1989). *See generally* J. Kevin Webb, *Until Death Do We Part?: An Attorney's Responsibility After the Death of the Client*, 25 J. Legal Prof. 239 (2001) (discussing the impact the death of a client has on the obligations of his former counsel during the litigation process).

After Lampton's death, counsel for Lampton lost the authority to prosecute this case on behalf of his deceased client. His motions and responses speak for himself and himself alone. Because the plaintiffs' motion to strike will be granted, counsel's pending motions and responsive briefs will be stricken and the plaintiffs' motion for an extension of time will be moot.

An argument can be made that this conclusion is contrary to the outcome in *Ray v Koester*, where after the defendant's death, his former counsel filed a motion to dismiss which was granted by the district court and affirmed by the Fifth Circuit. 85 F. App'x 983 (5th Cir. 2004) (unpublished). Why was counsel's motion granted in that case but stricken here?

One answer is that Ray – who was proceeding *pro se* – failed to file a motion to strike arguing that defense counsel's authority terminated upon his client's death. *See* Docket Sheet in *Ray v. Koester*, No. 6:01-cv-347-JCM (W.D. Tex.). More importantly, the Fifth Circuit's unpublished decision in *Ray* did not and could not overrule its prior holding that "[t]he authority of defense counsel . . . to act for [the decedent] was terminated by the death." *Cheramie*, 434 F.2d at 725. Not only would the rule of orderliness have prohibited such a step, but unpublished opinions are not precedential; they have persuasive value only. *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008); *United States v. Martinez*, 496 F.3d 387, 390 (5th Cir. 2007); 5th Cir. R. 47.5.4.

The conclusion remains that counsel's motions and responses will be stricken.

IV.   *Motion to Substitute*

That leaves the plaintiffs' motion to substitute. Docket No. 187. Before taking up the motion, the Court will accept briefing on which of the plaintiffs' many claims survive Lampton's death and are not extinguished. Fed. R. Civ. P. 25(a)(1); *see Tyus v. RCG Mississippi Inc.*, 168 F.3d 485, at *2 n.1 (5th Cir. 1999) (unpublished table opinion) (discussing survivability of claims under Mississippi law); *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 513 (D.C. Cir. 1999) (discussing survivability of claims under federal law). The plaintiffs' brief is due on or before July 23, 2012. Once filed, the Estate will have 30 days to file its response, if any, and the plaintiffs will have 14

more days to file their rebuttal, if any.[3]  Once briefed, the Court may or may not schedule a hearing on the motion.

The plaintiffs are advised to carefully consider which legal theories they intend to maintain against the Estate.  Judge Jordan's prior opinion, which ruled on the plaintiffs' claims against Leslie Lampton, was thorough and well-reasoned.  Claims that failed then should not be re-urged against the Estate without good cause for distinguishing Dunn Lampton's behavior from Leslie Lampton's.

V.     *Conclusion*

1. The Clerk of Court is directed to terminate Leslie Lampton as a party.
2. The remaining parties are realigned as *Oliver Diaz and Jennifer Diaz, Plaintiffs, versus Dunnica Lampton, Defendant*.
3. The plaintiffs' motion to strike [Docket No. 194] is granted.  Counsel's motions to dismiss and to stay [Docket Nos. 191 and 193], as well as his other responsive briefs, are stricken.  The plaintiffs' motion for more time [Docket No. 196] is moot.  The plaintiffs' motion to substitute [Docket No. 187] is carried with the case.
4. The Clerk of Court is directed to mail a copy of this Order to the Estate of Dunnica Lampton, c/o Eddie Jean Carr, Temporary Administrator (Cause No. P2012-75 O/3), Chancery Court of Hinds County, 316 S. President Street, Jackson, MS 39201.
5. The plaintiffs and the Estate are directed to brief the claim-survival issue on the schedule set out above.

**SO ORDERED**, this the 22nd day of June, 2012.

      s/ Carlton W. Reeves
      UNITED STATES DISTRICT JUDGE

---

[3] The extended briefing schedule is intended to provide the Estate sufficient time to hire counsel and allow that attorney to familiarize him or herself with the case.