**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**OLIVER DIAZ; JENNIFER DIAZ**                                                             **PLAINTIFFS**

**v.**                                                        **Cause No. 3:09-cv-324-CWR-MTP**

**DUNNICA LAMPTON**                                                                     **DEFENDANT**

**ORDER**

Before the Court are the plaintiffs' motion to substitute, Docket No. 187, the defendant's motion to dismiss, Docket No. 204, and the plaintiffs' motion for an extension of time, Docket No. 206. The plaintiffs' motion to substitute will be granted, as will their motion for an extension of time. They will have 14 days to respond to the motion to dismiss.

**I.**    *Factual and Procedural History*

Although this case has a lengthy procedural history, *see Diaz v. Lampton*, No. 3:09-cv-324, 2012 WL 2376286, *1 (S.D. Miss. June 22, 2012), at heart, plaintiffs Oliver and Jennifer Diaz claim that defendant Dunnica Lampton is liable for releasing their confidential tax information to the Mississippi Commission on Judicial Performance. Docket No. 199, at 2. Because Lampton died on August 17, 2011, *see* Docket No. 172, the present question is whether the plaintiffs may maintain any of their claims against Lampton's estate (the "Estate").

Specifically, Oliver Diaz wishes to proceed with his causes of action for abuse of process, malicious prosecution, emotional distress, invasion of privacy, and 42 U.S.C. § 1983 (based upon Lampton's alleged violations of 18 U.S.C. § 1905, 26 U.S.C. § 6103, and 26 U.S.C. § 7213 – civil and criminal laws that protect against unauthorized disclosure of tax information).[1] Docket Nos. 33, at 13-17; 200, at 1-3. Jennifer Diaz wishes to proceed with "all her original claims." Docket No. 200, at 3. This Court previously found that her claims included "procurement of tax records in violation of 26 U.S.C. §§ 6103 and 7431, 42 U.S.C. §§ 1983 and 1985, and Mississippi statute and common law; invasion of privacy; abuse of process; civil conspiracy; misprision; and the tort of outrage." Docket No. 103, at 3; *see* Docket No. 28, at 130.

**II.**    *Legal Standards*

---

[1] Oliver Diaz wishes to drop his 42 U.S.C. § 1985 conspiracy claim. Docket No. 200, at 3.

Federal Rule of Civil Procedure 25 provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "[W]hether a cause of action survives the death of the defendant is determined by the law of the jurisdiction in which the cause of action arose." *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971) (citations omitted); *see* 4C Wright et al., Fed. Practice & Procedure § 1954 (3d. ed. updated Sept. 2012). This Court looks "to the statute of the appropriate state and to the interpretation given the statute by court decisions." Wright et al. § 1954.

III. *Discussion*

Our case involves both state and federal causes of action. They will be addressed in turn.

Mississippi law provides that "[w]hen either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action, and the court shall render judgment for or against the executor or administrator." Miss. Code § 91-7-237. "Mississippi courts have defined a 'personal action' as including actions 'for the recovery of damages for the commission of an injury to the person or property.'" *Tyus v. RCG Mississippi Inc.*, 168 F.3d 485, *2 n.1 (5th Cir. 1999) (unpublished table opinion) (quoting *Powell v. Buchanan*, 147 So. 2d 110, 111 (Miss. 1962)); *see also* Jackson & Miller, 4 Encyclopedia of Mississippi Law § 33:36 (2001). "As a practical matter, the term 'personal actions' refers to all actions except defamation actions." Weems & Weems, Mississippi Law of Torts § 14:20 (2d ed. 2008) (collecting cases); *see also* Robert A. Weems, Wills and Administration of Estates in Mississippi § 2:33 (3d ed. 2003).

In our case, the plaintiffs claim they were injured by Lampton's invasion of their personal privacy based upon wrongful sharing of their tax returns. Each of their state law causes of action constitutes a "personal action" as that term is understood in Mississippi law. These claims survive and may be maintained against Lampton's estate.

"The Supreme Court has held that the survival of actions brought pursuant to 42 U.S.C. § 1983 is to be determined by the law of the forum state." *Caine v. Hardy*, 943 F.2d 1406, 1410 (5th Cir. 1991) (en banc) (citations omitted) (applying law of the forum state, Mississippi). One way to determine if a § 1983 suit survives "is to examine the facts of each separate § 1983 claim and characterize it according to the most analogous state-law cause of action." *Id.* Here, the plaintiffs' § 1983 claim is grounded in factual allegations similar to their invasion of privacy and abuse of

2

process causes of action, which suggests that it survives. Further, when the Fifth Circuit considered an alternate "way to apply the definition of personal action," it "eas[ily]" concluded that "all § 1983 actions are actions 'for the recovery of damages for the commission of an injury to the person' within the scope of [Miss. Code] § 91-7-237." *Id.* at 1411 (citations omitted). Under either approach, then, the plaintiffs' § 1983 claim is a personal action that survives.

Although no party has yet been substituted for Lampton, his Estate was granted leave to brief why none of the plaintiffs' claims survive. Docket No. 199, at 4-5. The Estate's arguments against substitution were considered in the above analysis and need no further response. But the Estate's contention that it was not properly served merits discussion.

Earlier in this suit, counsel for Lampton wrote "that he did not intend to open an estate so that the Diazes could simply file a claim therein and/or join that estate as a Third-Party Defendant in this lawsuit." Docket No. 178, at 4.[2] Instead, he argued, the Diazes had the burden "not only to force open an estate, but also to secure service over the executor or administrator with a scire facias or summons before the court can proceed." *Id.* at 3.

The record reveals that counsel's wish was granted. As this Court recited in an earlier Order,

> in February 2012, the plaintiffs opened an estate for Lampton in Hinds County, Mississippi. Docket No. 187. The Estate's Temporary Administrator is Eddie Jean Carr, the Chancery Clerk of Hinds County. *Id.* The Temporary Administrator has waived formal service of the summons, complaint, motion to substitute, and notice of hearing, and received copies of each of those documents. Docket Nos. 187-3; 187-4. The waivers of service set forth certain deadlines for the Estate to have responded to the complaint and the pending motion; those deadlines have now passed without response. Docket Nos. 187-3; 187-4.

Docket No. 199, at 3, *available at* 2012 WL 2376286, at *2.

In short, when Lampton's attorney declined to open an estate that could be served and invited the plaintiffs to take that step, the plaintiffs accepted, opened, and properly served the Estate with all necessary documents. That was sufficient. The fact that Lampton's counsel *later* decided to open an estate – which has now replaced the prior temporary entity, *see* Docket No. 201 and Miss. Code § 91-7-87 – does not change that the plaintiffs diligently pursued their claims in accordance with the Rules. Substitution is proper.

---

[2] The same attorney has represented Lampton, and now the Estate, throughout this suit.

3

As a final matter, the Estate's contention regarding the survival of punitive damages will be denied without prejudice. The argument may be reasserted at a later point in the proceedings.

*IV.     Conclusion*

The plaintiffs' motions to substitute and for an extension of time are granted. The Estate of Dunnica Lampton is hereby substituted for Dunnica Lampton as the sole defendant in this action. The plaintiffs shall have 14 days from today to respond to the pending motion to dismiss.

**SO ORDERED**, this the second day of October, 2012.

        s/ Carlton W. Reeves
       UNITED STATES DISTRICT JUDGE